UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DELON N. PICKENS, | ) |
| Petitioner, | ) |
| v. | ) No. 2:18-cv-00539-JMS-DLP |
| RICHARD BROWN, | ) |
| Respondent. | ) |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Delon Pickens' petition for a writ of habeas corpus challenges his conviction in a prison disciplinary proceeding identified as WVE 17-12-0072. For the reasons explained in this Entry, Mr. Pickens' petition is **denied**.

## I. Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II. The Disciplinary Proceeding

The prison staff initiated WVE 17-12-0072 after Sergeant Jensen issued the following conduct report on December 21, 2017:

> On 12/21/17 at approx. 2:20 pm officer Johnson and I (Sgt Jensen) were on the left wing of FHU and went to cell 220 for a cell search. Once the cell door of 220 opened both offenders were ordered to exit the cell and go to the upper showers for a cell search. Offender Carrington, Robert # 875749 exited the cell without issue. Offender Pickens, Delon # 951589 went to the toilet and began flushing what appeared to be a cellular device. I then placed my left hand on offender Pickens left arm and placed him against the wall. I then escorted offender Pickens out of the cell with both of his hands behind his back and secured him in mechanical restraints. The evidence was flushed down the toilet by offender Pickens. No further incident occurred.

Dkt. 7-1.

On January 3, 2018, Mr. Pickens was convicted of Code A-100, Violation of Law. *See* Case No. 2:18-cv-00160-JMS-MJD, dkt. 10-2, at 1. Specifically, the hearing officer found that Mr. Pickens obstructed justice in violation of Indiana Code § 35-44.1-2-2. *See id.* Mr. Pickens filed a habeas petition challenging that decision. *See id.* at dkt. 1. Before the Court could rule on Mr. Pickens' petition, however, the Indiana Department of Correction (IDOC) vacated his sanctions, restored his good-time credit, and designated the disciplinary case for rehearing. *See id.* at dkt. 10-1. Accordingly, the Court dismissed the habeas action as moot on July 3, 2018. *See id.* at dkt. 14.

WVE 17-12-0072 was reheard on June 4, 2018. Dkt. 7-5. The hearing officer's report indicates that he reviewed the incident report, Mr. Pickens' statement, and a witness statement from Officer Johnson, which largely echoed the conduct report. *See id.*; dkt. 7-6. Based on these materials, the hearing officer found Mr. Pickens guilty, providing the following explanation:

> DHO believes conduct report, witness statement. Conduct report states "offender did flush evidence down the toilet." Offender was provided I.C. 35-44.1-2-2. Offenders actions meet this procedure. Mr. Lyttle's letter declares a rehearing to satisfy the Habeas filing. DHO finds the offender Guilty.

Dkt. 7-5.

The hearing officer assessed sanctions, including the loss of 180 days' earned credit time. *Id.* Mr. Pickens' administrative appeals were not successful. *See* dkts. 7-8, 7-9.

### III. Analysis

**A.      Validity and Jurisdiction of Rehearing**

Mr. Pickens first asserts that he was denied due process because the IDOC vacated his sanctions and set the matter for rehearing rather than allowing the original habeas action to proceed to its conclusion. This assertion is without merit.

No due process right forbids prison officials to vacate a disciplinary conviction and rehear the charge. Even if an inmate is *acquitted* of a disciplinary charge, the prison staff may set the matter for rehearing and retry the prisoner. *See, e.g.*, *Decker v. Bell*, 772 F. App'x 339, 341 (7th Cir. 2019) ("And inmates may be prosecuted at a second disciplinary hearing for conduct of which they were acquitted at a first hearing."); *Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996) ("Our court and numerous others have held that a prison disciplinary proceeding is no bar to a subsequent criminal prosecution for the same offense. . . . For a stronger reason, an acquittal in an earlier prison disciplinary hearing is no bar to a subsequent hearing to consider the very same charge."). The Court may consider in this habeas action whether the prison staff denied Mr. Pickens due process in the course of the rehearing. The mere fact that it conducted a rehearing is not a basis for relief.

**B.      Impartiality of Decisionmaker**

Mr. Pickens next argues that he "was denied the right to a fair hearing before [an] impartial decision maker." Dkt. 1 at 4. He elaborates only by stating that the hearing officer's "decision was based upon a way to satisfy habeas filing." *Id.*

Mr. Pickens correctly notes that a prisoner in a disciplinary action has the right to be heard before an impartial decision-maker. *Hill*, 472 U.S. at 454. A "sufficiently impartial" decision-maker is necessary to shield the prisoner from the arbitrary deprivation of his liberties. *Gaither v. Anderson*, 236 F.3d 817, 820 (7th Cir. 2000) (per curiam).

However, hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003); *see Perotti v. Marberry*, 355 F. App'x 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Moreover, the "the constitutional standard for impermissible bias is high," and hearing officers "are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding" or because they are employed by the IDOC. *Piggie*, 342 F.3d at 666. The presumption is overcome—and an inmate's right to an impartial decision-maker is breached—in rare cases, such as when the hearing officer has been "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667.

Mr. Pickens does not contend that the hearing officer was directly or substantially involved in the search of his cell or in the investigation of that incident. In fact, he does not provide any specific reason for the Court to doubt the hearing officer's impartiality. Accordingly, the Court must presume that the hearing officer reheard the charge and convicted Mr. Pickens with honesty and integrity.

## C. Sufficiency of the Evidence

Mr. Pickens argues that he was denied due process because his conviction was based in part on Officer Johnson's statement, which was not presented at his original hearing. He contends that this statement was "fabricated" and "back dated" to appear credible. Dkt. 1 at 4.

These assertions do not entitle Mr. Pickens to habeas relief even if they are true.

4

"[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat*, 288 F.3d at 981. "[T]he relevant question is whether there is *any evidence* in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added). *See also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

When assessing the sufficiency of the evidence in a habeas proceeding, the court may not "reweigh the evidence underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348 (citing *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)). Instead, the court must limit its inquiry "to whether *any reliable evidence* exists to support the conclusions drawn by the hearing officer." *Id.* (emphasis added). A conduct report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *see also Wilson-El v. Finnan*, 311 F. App'x 908, 910 (7th Cir. 2008) (citing *McPherson*).

A person obstructs justice in violation of Indiana Code 35-44.1-2-2(a)(3) if he "alters, damages, or removes any record, document, or thing, with intent to prevent it from being produced or used as evidence in any official proceeding or investigation." Sergeant Jensen's conduct report documents that Mr. Pickens was ordered to leave his cell for a search and then went to the toilet and began flushing what appeared to be a cellular device. Dkt.7-1. This report, standing alone, is "some evidence" that Mr. Pickens attempted to flush contraband down the toilet so it could not be discovered in a search of his cell. *See Sarver v. Warden, Plainfield Correctional Facility*, No. 1:17-

cv-01932-WTL-TAB, 2018 WL 297109, at *3 (S.D. Ind. June 12, 2018) (finding conduct report documenting that prisoner flushed cell phone down toilet was some evidence supporting disciplinary conviction for obstruction of justice); *see also Cervantes v. State*, 126 N.E.3d 56, 2019 WL 2127881, at *2 (Ind. Ct. App. 2019) (finding that officer's testimony in revocation proceeding that community corrections inmate flushed contraband down toilet was evidence of obstruction of evidence); *Thompson v. State*, 112 N.E.3d 235, 2018 WL 5270412, at *2–3 (Ind. Ct. App. 2018) (same).

Because Sergeant Jensen's conduct report was some evidence that Mr. Pickens obstructed justice, any questions about the authenticity, truthfulness, or legitimacy of Officer Johnson's statement are beside the point. The Court may not consider the weight that should be afforded to the various pieces of evidence in the record, or how many of those pieces support the hearing officer's decision. The Court must end its inquiry once it finds *any* reliable evidence of guilt, and Sergeant Jensen's report meets that burden.

**D.     Identity of Official Who Approved Sanctions**

Finally, Mr. Pickens asserts that the "Designee who approved and initialed sanctions is invalid." Dkt. 1 at 4. He further states that Lieutenant Fischer presided over the original hearing in WVE 17-12-0072 and fabricated Mr. Pickens' facility packet. Mr. Pickens further asserts that he alleged misconduct by Lieutenant Fischer in the original habeas proceeding.

Even assuming that Lieutenant Fischer presided over the original hearing and approved the sanctions assessed in the rehearing, it is not clear what due-process right Mr. Pickens believes he has been denied as a result. Mr. Pickens does not allege that Lieutenant Fischer was directly or substantially involved in the search of his cell or the investigation thereof, *see Piggie*, 342 F.3d at 667, and no other facts suggest that Lieutenant Fischer infringed upon Mr. Pickens' right to a

hearing before an impartial decision-maker. Moreover, assuming Lieutenant Fischer's participation in the rehearing violated an IDOC policy or procedure, that would not entitle Mr. Pickens to habeas relief. Prison policies are "primarily designed to guide correctional officials in the administration of a prison" and not "to confer rights on inmates." *Sandin v. Conner,* 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis,* 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire ,* 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief.").

## IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. Mr. Pickens' petition does not identify any arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions that entitles him to the relief he seeks. Accordingly, Mr. Pickens' petition for a writ of habeas corpus must be **denied** and the action **dismissed with prejudice.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/28/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DELON N. PICKENS
951589
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Abigail Recker
INDIANA ATTORNEY GENERAL
abigail.recker@atg.in.gov